Robert **THOMALEN** and Theresa **Thomalen,** Plaintiffs,

v.

**MARRIOTT CORPORATION,** Christopher **Mansfield, Collette Travel Service Inc., Murder by Invitation** and Christopher **Warren,** Defendants.

Angelina **BELMONT,** Plaintiff,

v.

**MARRIOTT CORPORATION** and **Collette Travel Service, Inc.,** Defendants.

Civ. A. No. 90–40140–NMG.

United States District Court, D. Massachusetts.

March 31, 1995.

Jared Altman, Seavey, Fingerit, Vogel, Oziel & Skoller, New York City, Mark W. Murphy, Fuller, Rosenberg, Palmer & Beliveau, Worcester, MA, and Charles E. Skoller, Law Offices of Charles E. Skoller, New York City, for Robert and Theresa Thomalen.

Daniel A. Seymour, Servino & Seymour, White Plains, NY, for Angelina Belmont.

Michael S. Appel and Peter Puciloski, Sugarman, Rogers, Barshak & Cohen, Boston, MA, for Marriott Corp.

Christopher Mansfield, New Britain, CT, pro se.

Debra Lerner, John J. Finn, Long, Racicot & McTaggart, Boston, MA and Alexander Kran, III, Jacobowitz, Spessard, Garfinkel & Lesman, New York City, for Collette Travel Service, Inc.

John R. Bartels, Jr., Bartels & Feureisen, White Plains, NY, for Murder by Invitation.

Benjamin A. Fleischner, White, Fleischner & Fino, New York City, John R. Bartels, Jr., Bartels & Feureisen, White Plains, NY and George P. Field, Sarrouf, Tarricone & Flemming, Boston, MA, for Christopher J. Warren.

Peter L. Puciloski, Sugarman, Rogers, Barshak & Cohen, P.C., Boston, MA, for State Mut. Life Assur. Co. of America.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Defendant Collette Travel Service, Inc. ("Collette") has moved for summary judgment on the plaintiffs' negligence and strict liability claims. The Court previously addressed the issues raised by Collette's motion when it ruled on the motion for summary judgment filed by defendant, Marriott Corporation ("Marriott"). *See Memorandum and Order*, 845 F.Supp. 33 (D.Mass.1994) (*"Marriott Order"*). The Court will, however, briefly revisit those issues here to clarify its conclusions with respect to Collette.

### A. Negligence Claims

Collette argues that, because the accident at issue in this case was unforeseeable, it did not owe the plaintiffs a duty of care and, therefore, it is entitled to summary judgment on the plaintiffs' negligence claims.

Although the Court acknowledged in its previous Memorandum and Order that it was a "close call," it concluded that a jury could find that the accident was foreseeable to Marriott. *Marriott Order* at 35–36. For the same reasons set forth in the *Marriott Order*, this Court concludes that a reasonable jury could find that the accident was foreseeable to Collette, especially since Collette was in a better position than Marriott to assess the risks posed by the performers. The Court, therefore, will deny Collette's motion for summary judgment on the plaintiffs' negligence claims. *See Id.*

### B. Strict Liability Claims

Collette argues that the plaintiffs' claims of strict liability should be dismissed under Massachusetts law. For the reasons stated in the *Marriott Order*, this Court agrees.

As the *Marriott Order* explains, in *The Clark–Aiken Co. v. Cromwell–Wright Co., Inc.*, 367 Mass. 70, 323 N.E.2d 876 (1975), the Supreme Judicial Court of Massachusetts ("the SJC") expressly adopted the *Rylands v. Fletcher*, L.R. 1 Ex. 265, 279 (1866), doctrine of strict liability for ultrahazardous activity. The SJC interpreted that doctrine narrowly, however, and stated that it is applicable only where there is an "escape" of an abnormally dangerous activity onto the property of another. *Clark–Aiken*, 367 Mass. at 78 n. 7, 323 N.E.2d 876. Because there are

no allegations in this case that ultrahazardous activity "escaped" onto the property of another, the Court concludes that there is no basis for imposing strict liability on the defendants in this case. *See Marriott Order* at 36–37.

Furthermore, even if this Court were to ignore the "escape" requirement of *Clark–Aiken,* it would nevertheless refuse to impose strict liability on the defendants because the Court finds that the accident in this case did not involve "abnormally dangerous" activity. Whether an activity is "abnormally dangerous" so as to warrant strict liability is a question of law for the Court. *Clark–Aiken,* 367 Mass. at 91, 323 N.E.2d 876. In assessing the evidence on record, the Court finds that fire-eating acts, although perhaps foolhardy, are not abnormally dangerous, at least with respect to the plaintiff class.

Fire-eating acts are performed on stages throughout the world without incident. Indeed, the plaintiffs acknowledge that Mr. Christopher Mansfield, the magician whose fire-eating accident caused plaintiffs' injuries, performed his act approximately 100 times prior to August 29, 1988, apparently without incident. Moreover, unlike classic strict liability cases involving wild animals or explosives, this Court finds that the risk of injury to the plaintiffs in this case could have been eliminated if the parties involved had exercised due care. *See generally Clark–Aiken,* 367 Mass. at 89, 323 N.E.2d 876 (where two of the factors to be considered in determining whether an activity is "abnormally dangerous" were 1) whether the risk could have been eliminated by the exercise of due care, and 2) whether the activity is a matter of common usage).

Accordingly, because there was no abnormally dangerous activity (or "escape" thereof), the Court will allow Collette's motion for summary judgment on the plaintiffs' claim of strict liability.

### ORDER

For the foregoing reasons, it is hereby ORDERED that:

1. the motion of Defendant, Collette, for summary judgment on Plaintiffs' claims for negligence is DENIED; and

2. the motion of Defendant, Collette, for summary judgment on Plaintiffs' claims for strict liability is ALLOWED.

So Ordered.